UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| IN RE: ROBERT B. SCOTT, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| ROBERT B. SCOTT, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-315 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL H. FITZPATRICK, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

# **MEMORANDUM OPINION**

Appellant Robert B. Scott has appealed the United States Bankruptcy Court for the Eastern District of Tennessee's (the "Bankruptcy Court's") Memorandum and Order [Doc. 1-21] dismissing his Chapter 7 bankruptcy case. Appellant's argument on appeal, which he raises in his pro se Appellant's Brief [Doc. 4], is reproduced below in its entirety:

> As it would clearly show is this case due to the amount of money owed to the creditors and that the debtors income is only $408.00 per year there is no way the Debtor would be able to re-pay the creditors and the Debtor has limited assets and is entitled to the discharge under section 727 title 11 U.S.C. (THE BANKRUPTCY CODE) and is entitled to the extension on the credit counseling require because the debtor submitted the required documents for the 15 day extension, and the Debtor did file all the required and ordered by the Court and that the Debtor has very limited education on the Bankruptcy Law of the United States and due to the Debtors limited income he would be entitled to the waiver of the filing fee under 28 U.S.C. 1930(F) and that due to the Debtors monthly expenses the Debtor would not have any free money to repay the debts owed to the creditors.

[Doc. 4].

The Court construes appellant's argument as raising three distinct issues on appeal: that (1) he is entitled to discharge under 11 U.S.C. § 727; that (2) he is entitled to an extension on the credit counseling requirement set forth in 11 U.S.C. § 109(h)(1);[1] and that (3) he is entitled to waiver of the filing fee under 28 U.S.C. § 1930(f).[2] With respect to appellant's first argument, the Court finds no error in the Bankruptcy Court's judgment that appellant is not eligible to be a debtor under Title 11, which is a prerequisite for discharge under 11 U.S.C. § 727.[3] *See* § 727(a) ("The court shall grant the *debtor* a discharge, unless . . . .") (emphasis added). With respect to appellant's second argument, this Court has already determined that appellant's "satisfaction of [the credit counseling] requirement subsequent to his filing of the bankruptcy petition does not change his eligibility for debtor status" [Doc. 7]. Thus, no extension is warranted. And with respect to appellant's final

---

[1] 11 U.S.C. § 109(h)(1) provides that "an individual may not be a debtor . . . unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."

[2] 28 U.S.C. § 1930(f)(1) provides that "the district court or bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments."

[3] In its June 2, 2009 Memorandum and Order, the Bankruptcy Court dismissed appellant's bankruptcy case on the grounds that appellant had "not filed his Voluntary Petition, the required statements of financial affairs and schedules, and related documents utilizing the Official Forms" [Doc. 1-20]. The Bankruptcy Court also found no basis for appellant's request for an extension of time in which to file these documents because appellant, "having failed to obtain the credit counseling briefing required by § 109(h)(1), is not eligible to be a debtor under title 11" [*Id.*]. This determination followed the Bankruptcy Court's issuance of a Memorandum and Order on May 15, 2009 instructing appellant that his case would be dismissed if he did not file these documents [Doc. 1-4].

argument, the Bankruptcy Court declined to consider appellant's request for a waiver of the filing fee because it found that appellant was not eligible to be a debtor under Title 11 [*see* Docs. 1-7, 1-20]. The Court finds no error in the Bankruptcy Court's judgment on this point either.

For these reasons, this Court affirms the opinion of the Bankruptcy Court in its entirety. Appellant's appeal will be dismissed.

An order reflecting this opinion will be entered.

                                         s/ Thomas A. Varlan
                                         UNITED STATES DISTRICT JUDGE